IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2093-BO

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LARRY DAIL, | ) | |
| Respondent. | ) | |

Lance Adam Goldman petitioned this court for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. On September 26, 2011, respondent filed a motion to dismiss on grounds of

non-exhaustion pursuant to 28 U.S.C. § 2254(b)(1)(A). See also, Coleman v. Thompson, 501

U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition

should be dismissed if the prisoner has not exhausted state remedies as to any of his federal

claims.") and Rose v. Lundy, 455 U.S. 509 (1982) (complete exhaustion). The matter is ripe for

determination.

Respondent seeks dismissal based on non-exhaustion. However, respondent noted in the

motion and supporting memorandum of law that the appeal of petitioner's conviction was

pending. (D.E. 11, footnote 1). Respondent also specifically stated that no other applicable

defenses were waived by only asserting exhaustion. (D.E.11). A review of case law indicates

that on May 15, 2012, the appellate decision was rendered. North Carolina v. Goldman, 725

S.E.2d 673 (N.C. App. 2012). Exhaustion subsequent to filing of a petition does not require

dismissal. See generally Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); see also Rhines v.

Weber, 544 U.S. 269, 277-78 (2005). The court makes no determination as to whether this

decision satisfies the exhaustion requirement as to all issues, but given the state court's opinion,

the basis on which respondent seeks dismissal must be DENIED. (D.E. 10). Respondent is allowed 21 days to file any additional motions and petitioner has 21 therefrom to respond.

SO ORDERED, this 18 day of July 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE