IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2093-BO

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LARRY DAIL, | ) | |
|     Respondent. | ) | |

Lance Adam Goldman petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court is a motion for summary judgment [D.E. 17]. Petitioner responded [D.E. 20], and the matter is ripe for determination.

A.    Background

On April 21, 2011, in the Superior Court of Dare County, petitioner was convicted after trial by jury of destroying criminal evidence and was sentenced to 8-10 months imprisonment. Mem. in Supp., Ex. A. Petitioner was represented at trial by Mr. R. Andrew Womble. Pet., Question 16(c). On or about April 26, 2011, Petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of Dare County. Mem. in Supp., Ex. 2. On May 9, 2011, the MAR was summarily denied. Id., Ex. 3.

On May 16, 2011, petitioner filed this federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On September 26, 2011, respondent moved to dismiss on grounds of non-exhaustion because of petitioner's pending direct appeal [D.E. 10]. On May 15, 2012, the North Carolina Court of Appeals filed an unpublished opinion finding no error, State v. Goldman, 725 S.E.2d 673, 2012 N.C. App. Lexis 631 (2012), and on July 19, 2012, the undesigned denied respondent's motion to dismiss on grounds of non-exhaustion [D.E. 15]. Respondent is before the court with a subsequent motion for dismissal [D.E. 17].

B.  Issues

Petitioner contends: (1) the trial court's failure "to suppress evidence and dismiss charges prior to trial violated equal protection, due process, etc., obtained by unlawful arrest"; (2) the trial court's failure "to grant the motion for judgment notwithstanding the verdict, in violation of equal protection and due process, etc."; (3) the trial court's "admission of evidence violated equal protection and due process, etc., such as testimony objected to, but over-ruled [sic]"; and (4) "[a]t the close of evidence, the evidence was insufficient to submit case to the jury." Pet., Grounds for Relief in Petition.

C.  Discussion

   i.  Standard of Review for Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

2

ii. Factual Summary

Judge Sermons summarized the facts surrounding petitioner's arrest, in the April 21, 2011 order denying the motion to suppress, as follows:

The Court finds that:

(1) During the early morning hours of June 27, 2009, Deputy Creech, a deputy with the Dare County Sheriff's Office, was on routine patrol on Highway 158 near Jockey's Ridge. As Deputy Creech was heading north he saw a vehicle approaching him at a high rate of speed. Based on his training and experience, Deputy Creech formed the opinion that the vehicle was traveling over 70 miles per hour. The posted speed limit in this area is 50 miles per hour. Deputy Creech corroborated his opinion with radar.

(2) Deputy Creech conducted a traffic stop of the vehicle.

(3) The defendant Lance Goldman was the driver of the vehicle.

(4) As the Deputy began talking to the defendant, he became uneasy. The deputy ordered the defendant out of the vehicle to ensure his safety. The defendant did not comply with the Deputy's command.

(5) The Deputy ordered the defendant out of the vehicle at least three more times.

(6) The defendant made no attempt to exit the vehicle.

(7) After the third command, the Deputy informed the defendant he was under arrest and he walked over to the driver's side door. The defendant still did not get out of the car.

(8) Deputy Creech opened the door and assisted the defendant out of the vehicle.

(9) At this point, the defendant was under arrest for Resist, Delay, and Obstruct an Officer. Deputy Creech immediately handcuffed the defendant and walked him over to his patrol car.

(10) Deputy Creech conducted a search of the defendant. During the search, Deputy Creech discovered two counterfeit $100 bills. One was found inside of the defendant's right front pocket, and the other was located in the defendant's wallet.

Mem. in Supp., Ex. 5 at 64.

3

Case 5:11-hc-02093-BO   Document 21   Filed 03/04/13   Page 3 of 9

The North Carolina Court of Appeals summary is as follows:

On 27 June 2009, Lance Adam Goldman ("defendant") was charged with possession of counterfeit currency and destruction of evidence and was arrested. On 30 June 2009, defendant was found to be indigent in District Court and the public defender was appointed to represent him. On 5 July 2009, defendant was released on bond. The public defender assigned an attorney to represent defendant on 7 July 2009. On 10 July 2009, the case was continued at defendant's request. Defendant was indicted on 8 September 2009 for two counts of possession of a counterfeit instrument, destruction of evidence, and resisting, delaying and obstructing an officer in the discharge of his duty. A superseding indictment was handed down on 19 April 2010.

On 15 February 2010, defendant was surrendered by his surety and returned to custody. On 7 April 2010, defendant filed a motion to discharge his appointed counsel, as well as a pro se motion to dismiss the charges. His counsel filed a motion to withdraw a short time later. On 3 May 2010, the public defender was again appointed to represent defendant. On 10 May 2010, defendant filed another motion to continue. The cases were continued until 7 June 2010. At defendant's request, the case was once again continued to 2 August 2010.

On 24 June 2010, Judge Jerry R. Tillet denied defendant's motion to discharge the public defender and appoint alternate counsel. On 6 July 2010, defendant filed a motion for leave to act as co-counsel, which was denied by Judge Tillet. On 25 October 2010, Judge Tillet entered an order recusing himself from the case, in part based on defendant's repeated pro se motions.

On 4 March 2011, defendant filed a pro se motion to suppress evidence and dismiss the charges, and on 17 March 2011, he filed a pro se motion to dismiss the charges based on a violation of his right to a speedy trial. On 18 April 2011, Judge Sermons entered an order denying the speedy trial motion. Judge Sermons denied defendant's motion to suppress in an order entered on 21 April 2011.

On 21 April 2011, the jury found defendant guilty of altering, destroying, or stealing evidence relating to a criminal offense. Defendant was found not guilty of resist, delay, or obstructing a law enforcement officer. A mistrial was declared on the charge of possession of a counterfeit instrument. The trial court found defendant to be a prior felony record level IV and sentenced him to 8 to 10 months imprisonment.

State v. Goldman, 725 S.E.2d 673, 2012 N.C. App. Lexis 631 (2012).

    iii.    ADEPA Standard

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to, or involved an unreasonable

4

application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010). Likewise, when federal claims have been presented to state court, and state court opinion addresses some but not all of defendant's claims, a rebuttable presumption arises on federal habeas review that the state court adjudicated all federal claims on merits. Johnson v. Williams, ___ S. Ct. ___, 2013 WL 610199 (2013).

Congress intended the AEDPA standard to be difficult to meet. Harrington v. Richter, 131 S. Ct. 770, 786 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis to deny relief." Id. at 784; DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011), cert. denied, No. 11-6640, 2011 WL 4528510 (U.S. Dec. 5, 2011).

    iv.    Analysis

A habeas petitioner in state custody generally must exhaust state court remedies. See 28 U.S.C. § 2254(b). Furthermore, "a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts-absent cause and prejudice or a fundamental miscarriage of justice." Longworth v. Ozmint, 377 F.3d 437, 447-448 (4th Cir. 2004) (citing Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir.1997) (en banc)). This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (internal quotation marks and citation omitted). Therefore, the Supreme Court instructs that, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" to include "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 845, 847. One must fairly present to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v.

Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). "In other words, the ground must 'be presented face-up and squarely.'" Longworth, 377 F.3d 437, at 448 (citing Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)) (citation and internal quotation marks omitted).

On direct appeal, petitioner made one claim, the denial of speedy trial. Thus, none of the claims before this court were raised on direct appeal. These claims were raised for the first time in petitioner's MAR. Under the doctrine of procedural default, a federal court is precluded from reviewing the merits of any claim that was found to be procedurally barred by the state court on adequate and independent state grounds. Coleman v. Thompson, 501 U.S. 722, 731-33 (1991). However, procedurally defaulted claims can be reviewed by a federal habeas court if the petitioner demonstrates cause and prejudice, or that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 724. Furthermore, when a claim is first raised in a request for discretionary review, a petitioner cannot be said to have fairly presented his claim to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989).

The North Carolina Superior court concluded petitioner could have raised the issues in the prior appeal, in that the found no fundamental miscarriage of justice was demonstrated under North Carolina General Statute § 15A-1419(b) to remove the procedural impediment. MAR, Order, D.E. 18-4, p. 1-3. North Carolina General Statute § 15A-1419(a)(3) states that one of the grounds for the denial of a MAR is that "the defendant raises many issues in his Motion for Appropriate Relief that could have and should have been was in a position to adequately raise the ground or issue underlying the present motion but did not do so." The Fourth Circuit has held the statute, with the exception of section (a)(2) which in inapplicable in this case, is an independent and adequate basis to support procedural default. See Lawrence v. Branker, 517

7

F.3d 700, 714-715 (4th Cir. 2008); McCarver v. Lee, 221 F. 3d 583 (4th Cir. 2000). Therefore, the state court's denial under § 15A-1419 is grounds to support procedural default. Moreover, petitioner has not established cause and prejudice or that he has suffered a fundamental miscarriage of justice that would allow him to overcome the procedural default.

"Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir.1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Williams v. Bagley, 380 F.3d 932, 973 (6th Cir. 2004) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995) "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. The MAR court, specifically found that no fundamental miscarriage of justice existed in this matter. The proffer of evidence before this court, again fails to assert allegations rising to cause or prejudice or fundamental miscarriage of justice to satisfy the gateway to avoid a procedural bar, and the claim is dismissed.

8

D.  Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

E.  Conclusion

Accordingly, respondent's Motion for Summary Judgment [D.E. 17] is GRANTED, and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this _1_ day of ~~February~~ March 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9